**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LARRY BENNETT                                                                                      PLAINTIFF

V.                                      5:08CV00236 BSM/JTR

ED ADAMS, Captain,
W.C. Brassell Detention Facility, et al.                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.        Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.        An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Larry Bennett, who is now a freeworld citizen, has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights while he was a pretrial detainee at the W.C. Brassell Detention Facility. *See* docket entries #2 and #3. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this Complaint be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct.

## II.  Discussion

**A.     Housing with Convicted Prisoners**

In his Complaint, Plaintiff alleges that, for a twenty-four hour period in August of 2008, he, and other pretrial detainees, were housed in an open barracks with convicted prisoners awaiting transport to the Arkansas Department of Correction.[2]  *See* docket entry #2.  Plaintiff states that he was in fear for his safety during that time period, but that he did not suffer any physical injury or harm.  *Id.*  By way of relief, Plaintiff requests monetary damages only.

The Prison Litigation Reform Act provides, in relevant part, that: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Additionally, as with any claim filed in federal court, a prisoner seeking relief under § 1983 must satisfy basic constitutional standing requirements.  *Johnson v. State of Missouri*, 142 F.3d 1087, 1088 (8th Cir. 1998); *Smith v Arkansas Dept. of Corr.*, 103 F.3d 637, 643 (8th Cir. 1996).  "To establish standing, a party must, at a minimum, have suffered an 'injury-in-fact,' fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision." *Johnson,* 142 F.3d at 1088; *Brouhard v. Lee,* 125 F.3d 656, 661 (8th Cir. 1997).  As previously mentioned, Plaintiff concedes that he was not actually harmed during the twenty-four hour period that he was

---

1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] Plaintiff explains that he, and the other male detainees, were moved from C-pod to the open barracks (with the convicted prisoners) so that female detainees could be temporarily housed in C-pod while the plumbing in their pod was being repaired.  *See* docket entry #2.

housed with convicted prisoners. Accordingly, he has failed to state a viable § 1983 claim. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (finding that a prisoner failed to state a viable § 1983 claim because he was not actually harmed by the inadequate security at a prison); *Johnson v. Norris*, Case No. 00-2166, 2001 WL 173642 (8th Cir. Feb. 22, 2001) (unpublished opinion) (same); *Kellensworth v. Norris*, Case No. 98-3887, 2000 WL 764845 (8th Cir. Jun. 14, 2000) (unpublished opinion) (holding that a prison failed to state a viable § 1983 claim because he was not actually harmed by being housed with a prisoner he feared).

**B.     Verbal Threat**

Plaintiff also asserts that, while being transported to the open barracks, Defendant Captain Adams threatened to "make it hard" on Plaintiff if he caused any trouble. *See* docket entry #2. However, Plaintiff does not contend that Defendant Adams carried out that threat. It is well settled that verbal abuse and mere threatening language made by a prison official do not amount to a constitutional violation actionable in a § 1983 case. *See McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992). Accordingly, the Court concludes that Plaintiff has failed to state a viable claim for relief.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Complaint (docket entry #2) be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2.     The dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

      3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 17th day of September, 2008.

                                                                            _____
                                                                            UNITED STATES MAGISTRATE JUDGE